UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT CHATTANOOGA

| | |
|---|---|
| TERRY WAYNE FULLER, ) | |
| ) | |
| *Petitioner*, ) | |
| v. ) | No. 1:09-cv-332 |
| ) | *Chief Judge Curtis L. Collier* |
| STEPHEN DOTSON, Warden; ) | |
| ) | |
| *Respondent*. ) | |

## **MEMORANDUM AND ORDER**

Terry Wayne Fuller ("Fuller"), a state prisoner confined at Whiteville Correctional Facility in Whiteville, Tennessee, has filed a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254 (Court File No. 1). Presently pending before the Court is Respondent's motion requesting a seven-day extension of time in which to file a response (Court File No. 11). A response was filed five days later (Court File No. 12). Accordingly, the motion is **GRANTED** *nunc pro tunc* (Court File No. 11).

Respondent previously filed a motion to dismiss for failure to exhaust state remedies but failed to provide the Court with evidence of state remedies available to Fuller or Fuller's pending proceedings (Court File No. 8). Thus, the Court denied the motion and ordered Respondent to file a response (Court File No. 10). Respondent has filed a renewed motion to dismiss along with evidence of Fuller's pending state post-conviction proceedings (Court File No. 12). For the reasons explained below the motion to dismiss without prejudice will be **GRANTED** (Court File No. 12).

**I.     Procedural History**

Although the procedural history in this case is somewhat confusing, the Court discerns Fuller pleaded guilty to a Class E Felony Forgery charge in the Criminal/Circuit Court of Bradley County, Tennessee on February 27, 2009 (Court File No. 12-1). Fuller apparently filed a state petition for

post-conviction relief on April 17, 2009, while a notice of appeal was pending in the underlying criminal case (Court File No. 1, Exhibit). During preparation of the direct appeal, it was discovered that there was no transcript available to perfect the appeal, thus the trial court ordered a new sentencing hearing which resulted in the petition for post-conviction relief being dismissed as prematurely filed (Court File No. 1, Exhibit). Fuller was subsequently resentenced on September 25, 2009, to his original four year sentence (Court File No. 12-1, at 2).

Fuller then filed a motion to reopen his state post-conviction proceedings on February 5, 2010, which the state trial judge denied, advising Fuller he had one year from September 25, 2009, to file a valid petition for post-conviction relief (Court File No. 12-1, at 3). Fuller filed a petition for post-conviction relief in the state trial court on June 3, 2010 (Court File No. 12-1, at 4). This state post-conviction petition is still pending in state court (Court File No. 12, at 2).

Fuller filed this current federal habeas petition on December 11, 2009 (Court File No. 1). Respondent has filed a renewed motion to dismiss for failure to exhaust state remedies (Court File No. 12).

**II.    Analysis**

Respondent contends Fuller has not exhausted his administrative remedies which Fuller does not deny. As explained above, Fuller's state post-conviction petition is presently pending in the Criminal\Circuit Court of Bradley County (Court File No. 12, Addendum No. 1, at 4).

Under the rules governing habeas petitions, it must be clear on the face of a petition that a petitioner has exhausted his state remedies, or that there is an absence of state corrective process, or that circumstances exist that render such process ineffective to protect a petitioner's rights. 28 U.S.C. § 2254(b)(1)(A) and (B) (i) and (ii). The petition filed in this case is insufficient because it

does not show exhaustion of state remedies, absence of state corrective process, or any circumstance that renders ineffective such state process as may exist. Indeed, the exhaustion requirement applicable to federal habeas petitions is not satisfied if there is a pending post-conviction proceeding in state court. *See* 28 U.S.C. § 2254(b)-(c); *see Sherwood v. Tomkins*, 716 F.2d 632, 634 (9th Cir. 1983) (discussing cases finding no exhaustion where appeals were pending in state court).

Absent unusual or exceptional circumstances, a district court should dismiss a petition filed pursuant to 28 U.S.C. § 2254 if it contains unexhausted claims. *O'Guinn v. Dutton,* 88 F.3d 1409, 1412 (6th Cir. 1996), *cert. denied,* 117 S. Ct. 742, 136 L. Ed. 2d 681 (1997). As a general rule, state prisoners seeking federal habeas relief must first exhaust all of their available state court remedies. 28 U.S.C. § 2254; *Hannah v. Conley,* 49 F.3d 1193, 1195 (6th Cir. 1995); *Clemmons v. Sowders,* 34 F.3d 352, 354 (6th Cir. 1994); *Rust v. Zent,* 17 F.3d 155, 160 (6th Cir. 1994).

An application for a writ of habeas corpus will not be granted unless the applicant has exhausted the remedies available in state court. 28 U.S.C. § 2254. The Supreme Court has interpreted this rule as one of total exhaustion. *Rose v. Lundy,* 455 U.S. 509, 510 (1982). Therefore, unless an exception applies, failure to comply with the exhaustion rule as to only one of the claims will normally render the entire petition for federal habeas relief a "mixed petition" which must be dismissed if a remedy is still available for the prisoner to pursue. *Id. at* 519-521.

It appears from the record that Fuller has failed to exhaust his available state court remedies by fairly presenting all of his claims to the state courts. Fuller presently has a post-conviction petition pending in Bradley County. Fuller has not alleged any unusual or exceptional circumstances warranting review of his habeas corpus petition nor are any such circumstances apparent from the record. Therefore, Fuller's petition for federal habeas relief will be **DISMISSED**

**WITHOUT PREJUDICE** to Petitioner's refiling his claims after all state court post-conviction challenges to Fuller's conviction have been completed and all claims Fuller wishes to raise in federal court have been exhausted in accordance with 28 U.S.C. § 2254(b)-(c).  *See Rose v.Lundy*, 455 U.S. 509, 522 (1982) (holding every claim raised in federal habeas petition must be exhausted).

**ENTER:**

/s/
**CURTIS L. COLLIER
CHIEF UNITED STATES DISTRICT JUDGE**